UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALBERT ALES,                                        :
                                                    :
                              Appellant,            :
                                                    :          **ORDER**
              -against-                             :          **13 CV 6783(SJF)**
                                                    :                          **FILED**
RICHARD L. STERN, BRIDIE                            :                    IN CLERK'S OFFICE
CHRISTOFORATOS, AIDA BUGEJA, and  :                              U S DISTRICT COURT E D N Y
WILLIAM CHRISTOFORATOS,                             :
                                                    :              ★   MAR 1 1 2014   ★
                              Appellees.            :
------------------------------------------------------------X              **LONG ISLAND OFFICE**
FEUERSTEIN, J.,

        On October 16, 2013, appellant Albert Ales ("appellant") filed in the United States

Bankruptcy Court for the Eastern District of New York ("the bankruptcy court") a notice of appeal

to this Court from a judgment of the bankruptcy court, dated October 16, 2013, authorizing and

directing the escrow agent to deliver the escrow deposit to the Chapter 7 Trustee, Richard L. Stern

("the Trustee"), by delivering a check to the Trustee for eighty-one thousand dollars ($81,000.00),

plus any interest earned thereon, made jointly payable to Richard L. Stern as Chapter 7 Trustee of

William Christoforatos, Bridie Christoforatos and Aida Bugeja.[1] The notice of appeal and

"Deficient Record on Appeal" were transmitted to this Court on December 3, 2013.

        On or about December 19, 2013, the last day for appellant to timely file an appellate brief,

appellant's counsel filed an application, *inter alia*, requesting a thirty-two (32)-day extension of

time, or until Tuesday, January 21, 2014, to file an appellate brief. By order dated December 20,

---

        [1] The underlying adversary proceeding seeks a determination of the parties' rights to an
eighty-one thousand dollar ($81,000.00) down payment paid into an escrow deposit held by
Kenneth L. Apple, Esq., as the escrow agent, under a Residential Contract of Sale signed by
appellant for the purchase of certain real property owned by the debtor, William Christoforatos
("the debtor"), and appellees Bridie Christoforatos and Aida Bugeja (collectively, "appellees").

2013, appellant's application seeking an extension of time until Tuesday, January 21, 2014 to file an appellate brief was granted.

On January 24, 2014, the Trustee filed an application seeking to dismiss the appeal based upon, *inter alia*, appellant's failure to comply with Rules 8006 and 8009 of the Bankruptcy Rules and this Court's December 20, 2013 order, i.e., his failure (a) to file "a designation of the items to be included in the record on appeal and a statement of the issues to be presented" ("Designation and Statement") within fourteen (14) days after filing the notice of appeal, Fed. R. Bankr. P. 8006, and (b) to file an appellate brief on or before January 21, 2014. On January 25, 2014, appellant filed: (1) an application seeking a further extension of time to serve and file an appellate brief until February 4, 2014; and (2) a Designation and Statement, both of which are electronically signed only by Mr. Slenn, who is not admitted to practice before this Court.

By order dated February 3, 2014, appellant's application seeking a further extension of time to file an appellate brief was denied; the Trustee's and appellees' applications seeking dismissal of the appeal were granted; and the appeal was dismissed pursuant to Rule 8001(a) of the Bankruptcy Rules for appellant's failure to comply with Rules 8006 and 8009 of the Bankruptcy Rules.

On February 4, 2014, Mr. Slenn filed: (1) a letter motion for leave to appear pro hac vice for appellant on this appeal; and (2) a letter motion for reconsideration of the February 3, 2014 order. On February 7, 2014, the Trustee filed opposition to the motion for reconsideration. Thereafter, Mitchell A. Stein, Esq., the senior partner in the law firm of which Mr. Slenn is a partner, who is admitted to practice before this Court, filed a letter dated February 12, 2014 in further support of the motion for reconsideration, which the Court construes to be a reply to the

2

Trustee's opposition.[2] For the reasons set forth below, Mr. Slenn's motion to appear pro hac vice for appellant on this appeal is denied and his motion for reconsideration is granted but, upon reconsideration, I adhere to my original determination.

I.      Discussion

      A.      Pro Hac Vice Motion

Rule 1.3(c) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 1.3(c)") provides, in relevant part:

> "A member in good standing of the bar of any state * * * may be permitted to argue or try a particular case in whole or in part as counsel or advocate, upon motion (which may be made by the applicant) and upon filing with the Clerk of the District Court a certificate of the court *for each of the states in which the applicant is a member of the bar, which has been issued within thirty (30) days of filing* and states that the applicant is a member in good standing of the bar of that state court. * * *"

(emphasis added).

In his declaration in support of his pro hac vice motion, Mr. Slenn indicates that he is a member in good standing of the bars of the Commonwealth of Pennsylvania and the States of New Jersey, California and Florida, yet he submits only certificates of good standing from the State Bars of California and Florida. Moreover, although the Certificate of Standing from the State Bar of California is dated January 23, 2014, within thirty (30) days of the date Mr. Slenn filed the pro hac vice motion, the certificate from the Florida Bar is dated November 21, 2013, seventy-five (75) days prior to the date Mr. Slenn filed the pro hac vice motion. Accordingly, Mr. Slenn's motion

---

[2] The Trustee's request, in his sur-reply, to have the Court set "a briefing schedule for a motion pursuant to 1128 U.S.C. Section 1927 or Bankruptcy Rule 8020 for sanctions for this frivolous appeal and motion practice," (Sur-Reply at 2), is denied. Counsel may make any appropriate motion in accordance with the Federal Rules and my individual rules without leave of Court.

for permission to appear pro hac vice for appellant on this appeal is denied and Mr. Slenn is still not permitted to appear on behalf of appellant in this appeal.

B.     Reconsideration

Rule 8015 of the Bankruptcy Rules "is the sole basis on which a party to a bankruptcy appeal may seek reconsideration of an order disposing of a bankruptcy appeal." In re Terrestar Corp., No. 13 Civ. 562, 2013 WL 5880695, at * 1 (S.D.N.Y. Oct. 29, 2013); see also In re Heath Global, Inc., No. 12 Civ. 8966, 2013 WL 6722773, at * 1 (S.D.N.Y. Oct. 9, 2013); In re Motors Liquidation Co., No. 09 Civ. 7794, 2010 WL 3565494, at * 1 (S.D.N.Y. Sept. 10, 2010). "While the standard for granting a motion under Rule 8015 is not set forth in the rule itself, the notes direct attention to Rule 40 of the Federal Rules of Appellate Procedure[,]" In re AppOnline.com, Inc., 321 B.R. 614, 626 (E.D.N.Y. 2003), aff'd, 128 Fed. Appx. 171 (2d Cir. Jan. 24, 2004); see also In re Terrestar, 2013 WL 5880695, at * 1 ("Rule 8015 incorporates the same standard as a petition for panel rehearing pursuant to Fed. R. App. P. 40(a)."), which "requires the party moving for reconsideration to 'state with particularity each point of law or fact that the petitioner believes the court has overlooked or misapprehended.'" In re Terrestar, 2013 WL 5880695, at * 1 (quoting Fed. R. App. P. 40(a)(2)); see also In re AppOnline.com, 321 B.R. at 626. "The standard for rehearing pursuant to Rule 8015 is strict." In re CBI Holding Co., Inc., Nos. 94 B. 43819, 01 CV 0131, 2010 WL 2287013, at * 1 (S.D.N.Y. June 7, 2010).

"The purpose of a petition for rehearing is to direct the court's attention to some material matter of law or fact which it has overlooked in deciding the case, and which, had it been given consideration, would probably have brought about a different result." In re Heath Global, 2013 WL 6722773, at * 1 (quotations and citation omitted); see also In re Motors Liquidation, 2010 WL

4

3565494, at * 1 ("[A] motion for rehearing may be granted only where the court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.") "Thus, the function of a petition for rehearing is not to permit the petitioner to reargue his case; to attempt to do so would be an abuse of the privilege of making such a petition." In re Heath Global, 2013 WL 6722773, at * 1 (quotations and citation omitted); see also In re Motors Liquidation, 2010 WL 3565494, at * 1; In re CBI Holding, 2010 WL 2287013, at * 1. "Accordingly, neither new evidence nor new arguments are considered valid bases for Rule 8015 relief." In re Heath Global, 2013 WL 6722773, at * 1 (quotations and citation omitted); see also Freedom Holdings, Inc. v. Spitzer, 363 F.3d 149, 151 (2d Cir. 2004) (holding that ordinarily, courts do not address arguments made for the first time in a petition for rehearing pursuant to Fed. R. App. P. 40(a)); DeWeerth v. Baldinger, 38 F.3d 1266, 1274 (2d Cir. 1994) ("[A]rguments raised for the first time on a petition for rehearing are deemed abandoned unless manifest injustice would otherwise result.").

I grant appellant's motion for reconsideration for the purpose of considering whether he has established that I overlooked or misapprehended any principle of law or material fact. Neither Mr. Slenn nor Mr. Stein has identified any fact or principle of law which he believes that I overlooked or misapprehended in the February 3, 2014 order. Rather, Mr. Slenn contends, *inter alia*: (1) that "[t]he Court may find excusable neglect to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," (Letter Motion by Mr. Slenn dated February 4, 2014 ["Mot."], at 1); (2) that "the delay is short, only a [sic] 14 days, with no danger of prejudice to the debtor or Trustee," (Mot. at 2); (3) that "the escrowed funds are merely a windfall [to the debtor]," (id.); (4) that he not only "mistakenly mis-calendared the deadline [for filing a brief on the appeal]," as he contended in his application for an extension

5

of time to file an appellate brief, but was also "bedridden * * * in Pennsylvania with a severe case of the flu and high fever which had [him] incapacitated from [January 26, 2014] through early [January 31, 2014]," (id.), a new "fact" that he failed to mention at any time prior to his motion for reconsideration[3]; (5) that his delay in filing a pro hac vice motion was because one of his CLE providers failed to forward a record of his attendance to the bar of the Commonwealth of Pennsylvania, as a result of which the Commonwealth contended that he "was not CLE compliant," (id.), and he did not learn about that problem until January 31, 2014; (6) that he "did not include transcript [sic] or other documents introduced at trial because the arguments [appellant] [is] making [on the appeal] do not require them," (id.); and (7) that "dismissal is a harsh sanction" and reconsideration should be granted "in the interest of justice and that of [appellant] to have the appeal heard on the merits and allow [him] the opportunity to fix the issues." (Id.) In his reply, Mr. Stein contends, *inter alia*: (1) that the bankruptcy court clerk's purportedly premature transmittal of the "Deficient Record on Appeal" to this Court, in essence, constitutes excusable neglect because his firm was not retained to represent appellant until after such transmittal and, thus, had "no opportunity * * * to submit a proper Designation and Statement," (Reply at 5) (emphasis omitted); and (2) that appellant "does not need the transcription of testimony in order to perfect the appeal," (Reply at 7) (emphasis omitted).

Mr. Slenn and Mr. Stein seek solely to relitigate issues already decided by this Court in the February 3, 2014 Order, i.e., whether there was excusable neglect for appellant's repeated filing

---

[3] Although Mr. Slenn filed his motion for an extension of time to file an appellate brief on January 25, 2014, one (1) day prior to purportedly becoming "bedridden," he was capable of writing a two (2)-page letter in reply to the Trustee's and appellees' opposition to his motion and filing it with the Court on January 30, 2014, when he was supposedly still "bedridden." Nowhere in that January 30, 2014 letter does Mr. Slenn indicate that he was ill in any way, much less "bedridden" with a "severe case of the flu."

6

failures in this appeal, whether any party is prejudiced by appellant's dilatoriness and whether the Designation of the record on appeal was complete. Mr. Slenn also improperly seeks to introduce new facts not before this Court, i.e., that he was "bedridden" for almost a week from the day after he filed his motion for an extension of time, although that did not prevent him from filing a two (2)-page reply to the Trustee's and appellees' oppositions to his motion which failed to indicate in any way that he was not feeling well, much less "severely ill" or "bedridden," during that period; and that a CLE reporting problem prevented him from filing a pro hac vice motion earlier, although, as stated above, he still has not filed a pro hac vice motion in accordance with Local Civil Rule 1.3(c) to date, notwithstanding his purported correction of the CLE reporting problem over one (1) month ago. Moreover, contrary to Mr. Slenn's contention, where, as here, the rules and court orders are clear, inadvertence, mistake, or carelessness of an attorney does not constitute excusable neglect. See Zubair v. Entech Engineering, P.C., — Fed. Appx. —, 2014 WL 151033, at * 1 (2d Cir. Jan. 16, 2014) (summary order) ("[D]istrict courts exceed their discretion in granting a motion for extension of time for excusable neglect or good cause when attorney errors are the cause of the untimely filing."); In re Johns-Manville Corp., 476 F.3d 118, 124 (2d Cir. 2007) ("[A]bsent extraordinary circumstances, attorney inadvertence is not excusable neglect."); In re Enron Corp., 419 F.3d 115, 126 (2d Cir. 2005) ("[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." (quotations and citation omitted)); Shorette v. Harrington, 234 Fed. Appx. 3, 5 (2d Cir. May 9, 2007) (summary order) (finding that a "law office calendaring error * * * does not constitute 'excusable neglect.'")

Mr. Stein also improperly raises an argument for the first time in his reply on the motion for reconsideration, i.e., that the bankruptcy court's purportedly premature transmittal of a "Deficient Record on Appeal" to this Court, prior to the filing of a Designation and Statement,

7

somehow excuses appellant's failure to comply with any of the bankruptcy or court rules or orders to date. Upon being retained as counsel for appellant, even the most cursory inspection of the Court's docket should have alerted experienced counsel to the fact that the Designation and Statement had not been filed and that the record on appeal that was transmitted to this Court was, thus, deficient, regardless of whether the transmittal of the record on appeal by the bankruptcy court to this Court was proper or not. Counsel should have then promptly moved for an extension of time to file a Designation and Statement and to have the appeal remanded to the bankruptcy court, if necessary, to compile the record on appeal, but did nothing until the Trustee moved to dismiss the appeal after the extended deadline for the filing of appellant's brief had passed. The fact that the deadline for filing a Designation and Statement was never "mentioned in any subsequent order," (Reply at 5), after the expiration of the fourteen (14)-day period provided in Rule 8006 is of no moment, since counsel is presumably experienced and charged with knowledge of the bankruptcy rules, including the requirements of Rules 8006 and 9006(b)(1), regarding requests for extension of time. To suggest that the bankruptcy court has to sit on an appeal indefinitely after the expiration of the time period for filing a Designation and Statement until a recalcitrant appellant decides to comply with his duties under the Bankruptcy Rules, or take affirmative steps to compel the appellant to comply with those duties, borders on the absurd and would not only stall the prosecution of bankruptcy appeals, but also leave them entirely in the control of the appellants, many of whom would benefit by extended delays. In any event, I could not have overlooked this argument in the February 3, 2014 order, since it was raised for the first time in Mr. Stein's reply on the motion for reconsideration.

Since neither Mr. Slenn nor Mr. Stein have demonstrated that I overlooked or misapprehended any points of law or fact in the February 3, 2014 Order, or that adherence to the

8

February 3, 2014 order will result in manifest injustice, I adhere to my original determination. <u>See,</u>

<u>e.g.</u> <u>Sash v. Zenk</u>, 439 F.3d 61, 62 (2d Cir. 2006) (denying petition for rehearing because the

petitioner "failed to show 'point[s] of law or fact that... the court ha[d] overlooked or

mispprehended[.]'" (alterations in original) (quoting Fed. R. App. P. 40(a)(2)).


II.    Conclusion

For the reasons stated above, appellant's motion seeking reconsideration of my February 3,

2014 order is granted but, upon reconsideration, I adhere to my original determination.


SO ORDERED.

                              s/ Sandra J. Feuerstein

                              _____
                              SANDRA J. FEUERSTEIN
                              United States District Judge


Dated: March 11, 2014
       Central Islip, New York